UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>DAVID JAMES MICHAEL JENSEN,<br><br>　　　　　　　　Defendant. | CASE NO. 2:24-cr-00204-TL-1<br><br>ORDER ON MOTION IN LIMINE |

This matter is before the Court on the Government's Motion in Limine for Admission of Certain Evidence and for Bifurcation of Trial. Dkt. No. 31. Having considered Defendant David Jensen's response (Dkt. No. 34), the Government's reply (Dkt. No. 35), and the relevant record, the Court GRANTS the motion.

## I. BACKGROUND

Mr. Jensen is charged with eight firearm and drugs offenses arising from events that allegedly occurred on five separate dates. *See generally* Dkt. No. 1 (indictment). The following summary of alleged facts is based on Everett Police Department records attached to the

Government's motion. *See* Dkt. Nos. 31-1–31-6 (exhibits to Government's motion); *see also* Dkt. No. 26 (superseding indictment).

A.     **Count One: Events on September 7, 2021**

Mr. Jensen is charged with unlawful possession of a firearm (count one) related to events occurring on September 7, 2021. Dkt. No. 26 at 1.

On September 7, 2021, Everett police officers responded to a two-car collision involving a Kia Forte near a service station in Everett, Washington. *See* Dkt. No. 31-1 at 2. At the scene, a female victim alleged that her vehicle had been struck by the Kia Forte, driven by an individual wearing all red. *See id.* A witness also reported seeing a man wearing all red gathering items from the Kia Forte and discarding them in the area—those items were later retrieved and included a credit card and Apple Health care card in the name of David Jensen, as well as a backpack. *See id.* While searching the backpack, officers found a 9mm M&P Smith and Wesson firearm, which had one round chambered and five bullets in the magazine; 25 rounds of 9mm ammunition; an empty magazine for an AK47; a white powdery substance (that turned out to be caffeine), and miscellaneous personal items with Mr. Jensen's name on them. *See id.* at 2–3; Dkt. No. 31 at 2.

B.     **Counts Two, Three, and Four: Events on April 7, 2022**

Mr. Jensen is charged with unlawful possession of a firearm (count two), possession of controlled substances with intent to distribute (count three), and carrying a firearm during and in relation to a drug trafficking crime (count four) related to events occurring on April 7, 2022. Dkt. No. 26 at 2–3.

On April 7, 2022, Everett police officers saw Mr. Jensen driving a BMW and followed him to a Safeway parking lot, where they observed him bent over into the trunk of the BMW. *See*

Dkt. No. 31-2 at 2. Mr. Jensen was taken into custody for driving without a license based on a prior incident. *See id.* at 2–3.

Following a narcotics K9 alert to the BMW, officers applied for and received a search warrant for the vehicle. *See id.* Upon a search of the vehicle, officers found Mr. Jensen's identification; several firearms, including a loaded Spikes Tactical Rifle with ammunition in the magazine; various accessories for firearms; and an assortment of drugs including what later tested to be fentanyl, methamphetamine, and heroin, as well as drug paraphernalia. *See id.* at 3–4; Dkt. No. 31 at 4.

**C.    Count Five: Events on May 11, 2022**

Mr. Jensen is charged with unlawful possession of a firearm (count five) related to events occurring on May 11, 2022. Dkt. No. 26 at 3.

On May 11, 2022, Everett police officers saw a vehicle belonging to Mr. Jensen enter an apartment complex in Everett, Washington. *See* Dkt. No. 31-3 at 2. Based on the events of April 7, 2022, the officers had probable cause to arrest Mr. Jensen for, *inter alia*, unlawful possession of a firearm and possession of a controlled substance. *See id.* Officers observed Mr. Jensen placing something into a grey backpack into the trunk of the vehicle and handle a black toiletry bag, both of which were in the trunk of the vehicle. *See id.* at 2. He then handed the black toiletry bag to an individual sitting in a vehicle parked next to his. *See id.* at 3. After Mr. Jensen's arrest, officers searched the black toiletry bag and discovered drug paraphernalia. *See id.*

Following a narcotics K9 alert to the vehicle, officers applied for and received a search warrant for the vehicle. *See id.* Upon a search of the vehicle, officers found heroin; methamphetamine; and a "High Point 9 caliber pistol," which had one round chambered and bullets in the magazine. *See id.* at 4–6.

**D.     Counts Six and Seven: Events on July 31, 2024**

Mr. Jensen is charged with unlawful possession of a firearm (count six) and possession of fentanyl with intent to distribute (count seven) related to events occurring on July 31, 2024. Dkt. No. 26 at 4.

On July 31, 2024, Everett police officers saw a Lexus that they knew was often driven by Mr. Jensen and followed it to a storage unit complex. *See* Dkt. No. 31-4 at 2. At the storage unit, Mr. Jensen was placed under arrest for driving with a suspended license; after searching Mr. Jensen incident to arrest, officers discovered narcotics on his person. *See id.* at 2–5.

Officers obtained a search warrant for the storage unit and recovered several firearms, including two privately made firearms; ammunition for the same, including a high-capacity magazine; narcotics, including a clear bag containing approximately 400 multi-colored fentanyl pills, as well as bags and a scale; and several motorbikes, one of which later returned stolen. *See id.* at 6–11.

**E.     Count Eight: Events on December 27, 2024**

Mr. Jensen is charged with unlawful possession of a firearm (count eight) related to events occurring on December 27, 2024. Dkt. No. 26 at 5.

On December 27, 2024, Everett police officers located Mr. Jensen in Seattle, Washington and observed Mr. Jensen approaching two vehicles. *See* Dkt. No. 31-5 at 3. Mr. Jensen placed a bag in one of the vehicles (a Range Rover), then placed a backpack into the trunk of the other vehicle (a Lexus). *See id.* After officers took Mr. Jensen into custody, they obtained a search warrant for the Lexus and recovered several bags from the vehicle. *See id.* at 4–5. In the bags, officers discovered a Glock 19 handgun, which was loaded, as well as fentanyl, heroin, and drug paraphernalia. *See id.* at 5–6.

## II. DISCUSSION

### A. Bifurcation of Trial

The Government moves to bifurcate the trial into two phases, with Phase One addressing the Drug and Section 924(c) Counts (Counts 3, 4, and 7), and Phase Two addressing the Unlawful Possession of a Firearm Counts (Counts 1, 2, 5, 6, and 8). Dkt. No. 31 at 18–19. Mr. Jensen does not object. Dkt. No. 34 at 1–2.

Accordingly, the Court GRANTS the motion to bifurcate the trial.

### B. Evidentiary Dispute

The Government moves to admit evidence of Mr. Jensen's alleged possession of a firearm and drug paraphernalia on September 7, 2021 (relating to Count 1); his possession of a firearm, heroin, and methamphetamine on May 11, 2022 (relating to Count 5); and his possession of a firearm, fentanyl, and heroin on December 27, 2024 (relating to Count 8) into Phase One of the bifurcated trial, which will address Counts 3, 4, and 7. Dkt. No. 31 at 10. The Government contends that this evidence is admissible pursuant to Federal Rule of Evidence 404(b). *Id.*

#### 1. Rule 404(b) Standard

"Rule 404 . . . prohibits evidence about a defendant's character trait to prove that the defendant committed the charged crime when [they] acted in accordance with that character trait." *United States v. Thompson*, 606 F. Supp. 3d 1066, 1068 (W.D. Wash. 2022) (quoting *United States v. Charley*, 1 F.4th 637, 640 (9th Cir. 2021)). "The rule is rooted in the 'basic premise of our criminal justice system' that 'our law punishes people for what they do, not who they are.'" *Id.* (quoting *Charley*, 1 F.4th at 640). Rule 404(b) provides:

> (b) **Other Crimes, Wrongs, or Acts**.
> (1) **Prohibited Uses**. Evidence of any other crime, wrong, or act is not admissible to prove a person's character in

order to show that on a particular occasion the person acted in accordance with the character.
(2) **Permitted Uses**. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.
(3) **Notice in a Criminal Case**. In a criminal case, the prosecutor must:
    (A) provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;
    (B) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and
    (C) do so in writing before trial—or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

Fed. R. Evid. 404(b).

"Rule 404(b) is a rule of inclusion—not exclusion—which references at least three categories of other 'acts' encompassing the inner workings of the mind: motive, intent, and knowledge." *United States v. Curtin*, 489 F.3d 935, 944 (9th Cir. 2007). "Once it has been established that the evidence offered serves one of these purposes, the relevant Advisory Committee Notes make it clear that the 'only' conditions justifying the exclusion of the evidence are those described in Rule 403: unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence[.]" *Id.* (citing 1974 Enactment, Note to Subdivision (b)).

For evidence to be admissible under Rule 404(b), courts within the Ninth Circuit apply a four-part test, and may admit the evidence if: "(1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged." *United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012) (quoting *United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002)); *see also United States v. Howell*, 231 F.3d 615, 628

ORDER ON MOTION IN LIMINE - 6

(9th Cir. 2000) (articulating the four-part test as related to evidence of prior convictions). "If the evidence meets this test . . . the court must then decide whether the probative value is substantially outweighed by the prejudicial impact under Rule 403." *Bailey*, 696 F.3d at 799 (quoting *Romero*, 282 F.3d at 688).

2.   **Admissibility Under Rule 404(b)**

The Government seeks to admit evidence related to Mr. Jensen's possession of firearms and drugs on each of the five dates giving rise to any of Mr. Jensen's charges (including those to be tried in Phase Two of the trial) in Phase One of the trial, which will address the charges against Mr. Jensen of possession with intent to distribute controlled substances, carrying a firearm during and in relation to a drug trafficking crime, and possession with intent to distribute fentanyl. *See generally* Dkt. No. 31 at 10, 18.

a.   *Materiality of the Evidence*

The Government argues that evidence of Mr. Jensen's possession of firearms and drug paraphernalia on various dates is relevant to a material element of the offenses charged "because the government bears the burden of proving beyond a reasonable doubt Jensen's knowledge of" the guns and drugs in his possession on April 7, 2022, and the drugs in his possession on July 31, 2024; "Jensen's intent and motive in possessing the drugs" on those dates; and "his intent and motive in possessing the firearms" on April 7, 2022. Dkt. No. 31 at 14. Mr. Jensen argues that "[p]ossession of a firearm on other remote dates provides no evidence of knowledge or intent for the date of possession at issue" in Phase One. Dkt. No. 34 at 4.

The Ninth Circuit has repeatedly affirmed the admission of evidence of a defendant's prior drug-related acts for the purpose of proving the defendant's intent, knowledge, motive, opportunity, or absence of mistake or accident in prosecutions for the possession of, importation of, or intent to distribute drugs. Indeed, "[the Ninth Circuit has] consistently held that evidence

of a defendant's prior possession . . . of narcotics is relevant under Rule 404(b) to issues of intent, knowledge, motive, opportunity, and absence of mistake or accident in prosecutions for possession of, importation of, and intent to distribute narcotics." *United States v. Vo.*, 413 F.3d 1010, 1018 (9th Cir. 2005) (quoting *United States v. Mehrmanesh*, 689 F.2d 822, 832 (9th Cir. 1982) (collecting cases)). For example, in *United States v. Houser*, the Ninth Circuit determined that "evidence of prior convictions for distribution of drugs and testimony of other drug transactions" was properly admitted under Rule 404(b) to show intent, "a critical element of . . . the distribution aspect [of the charge]." 929 F.2d 1369, 1373 (9th Cir. 1990), *abrogated on other grounds by Buford v. United States*, 532 U.S. 59 (2001). And in *United States v. Jones*, the Ninth Circuit similarly upheld the admission of testimony about the defendant's "involvement in previous marijuana smuggling operations," because such evidence was relevant to the knowledge and intent elements of possession with intent to distribute marijuana. 982 F.2d 380, 382 (9th Cir. 1992); *see also United States v. Lozano*, 623 F.3d 1055, 1059–60 (9th Cir. 2010) ("The evidence of Lozano's prior possession . . . of narcotics was material to issues of knowledge and intent with respect to drug distribution."); *United States v. Bibo-Rodriguez*, 922 F.2d 1398, 1401–02 (9th Cir. 1991) (prior drug possession acts admissible to prove intent and knowledge), *cert. denied*, 501 U.S. 1234 (1991).

"[E]vidence of narcotics trafficking may be properly admitted to show knowing possession of a weapon" because "[f]irearms are known tools of the trade of narcotics dealing because of the danger inherent in that line of work." *United States v. Carrasco*, 257 F.3d 1045, 1048 (9th Cir. 2001) (quoting *United States v. Butcher*, 926 F.2d 811, 816 (9th Cir. 1991). Therefore, prior possession of drugs is also admissible to show an intent to possess firearms in furtherance of drug trafficking. *See United States v. Felix*, 76 F. Supp. 3d 984, 994 (N.D. Cal. 2014); *see also United States v. Frederick*, 406 F.3d 754, 761 (6th Cir. 2005) ("Courts have held

that evidence of drug dealing is admissible to show a motive to possess firearms illegally."); *United States v. Smith*, 292 F.3d 90 (1st Cir. 2002) (finding that evidence of drug dealing "provid[ed] a compelling motive for possessing the gun, namely, to protect [the defendant's] drugs and drug money"); *United States v. Fuller*, 887 F.2d 144, 147 (8th Cir. 1989) (evidence of drug paraphernalia admissible under Rule 404(b) to show motive to possess firearm).

Regarding the Government's request to introduce evidence of Mr. Jensen's possession of firearms on various occasions, the Government's citation to *United States v. Cassell*, 292 F.3d 788 (D.C. Cir. 2002), is persuasive. Here, the Government will attempt to prove that Mr. Jensen actually or constructively possessed the firearms recovered from the BMW on April 7, 2022. *See* Dkt. No. 31 at 4. In a situation like this, where the defendant did not have actual physical control of the firearm at issue, a showing of either actual or constructive possession will require the Government to establish knowledge and intent to control. *See United States v. Thongsy*, 577 F.3d 1036, 1040–41 (9th Cir. 2009). In *Cassell*, a case addressing constructive possession, the District of Columbia Circuit determined that prior possession of a firearm was relevant to the knowledge and intent elements of possession, holding that "[i]n cases where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged." 292 F.3d at 793 (quoting *United States v. King*, 254 F.3d 1098, 1100–01 (D.C. Cir. 2001) (collecting cases)). Because the Government can prove possession using circumstantial evidence alone, *see id.*, evidence that Mr. Jensen possessed the same or similar firearms at other times is relevant to his knowledge and intent with regard to the possession charges. *See Cassell*, 292 F.3d at 793.

Therefore, the Court finds that evidence of Mr. Jensen's prior possession of narcotics and firearms is material to his knowledge, intent, and motive in possessing drugs and firearms on April 7, 2022, and drugs on July 31, 2024.

### b.   *Remoteness in Time*

The Government argues that the events at issue are not too remote in time "because they occurred within a three-year period of each other (and indeed, Events 2 and 3 occurred within a few months of each other)." Dkt. No. 31 at 15. As Mr. Jensen acknowledges, Dkt. No. 34 at 5, in *United States v. Howell*, the Ninth Circuit upheld the admission of a conviction for a similar offense as the charged conduct that was six years old. *See* 231 F.3d at 628–29. Although the Defense argues that *Howell* is distinguishable because the evidence admitted "derived from the defendant's prior convictions" (Dkt. No. 34 at 5), that argument goes to the sufficiency of the evidence and does not persuade the Court that *Howell* is inapplicable as to question of whether Mr. Jensen's other acts are too remote in time.[1]

Here, the events at issue all occur within a three-year period, with some of the events occurring within months of each other. *See supra* Section I.A–E. This is not so remote in time as to defeat admissibility under Rule 404(b).

### c.   *Sufficiency of the Evidence*

The Government argues that it "will establish each of the events . . . through the testimony of at least two, and possibly more, law enforcement officers (and in the case of Event 1 and 4, additional civilian witnesses) involved in the event and arrest of Jensen," as well as supporting video evidence. Dkt. No. 31 at 15. But as Mr. Jensen points out, unlike the evidence discussed in many of the cases cited by the Government, the proffered evidence is not rooted in a prior conviction but is alleged through unproven allegations. Dkt. No. 34 at 5.

"In order for evidence of a prior accusation to be admissible, there must be sufficient, independent evidence (besides the accusation alone) to support a finding that the prior conduct

---

[1] Further, Rule 404(b) relates to the admission of "Other Crimes, Wrongs, or Acts" which is much broader than only convictions.

occurred." *Bailey*, 696 F.3d at 802. "[A] mere accusation of prior conduct is insufficient to support a finding that the prior act was committed and, therefore, does not tend to prove that the defendant committed the act for which he is on trial." *Id.* But the Government intends to prove the other acts at issue through the testimony of multiple officers and other witnesses, whose credibility will be left to the jury. This is sufficient for admission under Rule 404(b). *See Romero*, 282 F.3d at 688 ("This evidence also meets the 'low threshold' of the third prong of our Rule 404(b) test: there was sufficient proof of the prior acts at issue because they were admitted through the testimony of Rivero, whose credibility was left to the jury."); *United States v. Labbad*, No. CR03-39, 2013 WL 12387562, at *2 (C.D. Cal. Nov. 6, 2013) ("[C]ase law suggests that the government may be able to meet its evidentiary burden if it were to have a confidential informant testify at trial about his or her purported personal contact with Defendant pertaining to pseudoephedrine trafficking.").

Further, courts have allowed in prior acts that were not convictions for limited purposes under Rule 404(b). In *Felix*, the evidence obtained in connection with a prior arrest of the defendant was admitted as other-act evidence for the limited purpose under Rule 404(b) of demonstrating intent to distribute narcotics and/or use firearms in furtherance of drug trafficking. 76 F. Supp. 3d at 994. In so holding, the court cited *United States v. Basinger*, 60 F.3d 1400 (9th Cir. 1995), in which the Ninth Circuit found that (1) testimony about items seized during a prior arrest of the defendant (not a conviction) was admissible under Rule 404(b), and (2) testimony by the searching and arresting officer was sufficient evidence that the prior act occurred and was admissible under Rule 404(b). *Id.* at 1408; *see also Cassell*, 292 F.3d at 791 (finding that evidence of gun falling from underneath the rear bumper of defendant's car during its impoundment and towing on a separate occasion was admissible under Rule 404(b)).

### d.   *Similarity to the Offenses Charged*

The Government argues that "the evidence set forth in each of the events . . . is obviously extremely similar: in each event Jensen was in possession of at least one loaded firearm and drugs (or, in the case of Event 1, apparently sham drugs)." Dkt. No. 31 at 15. Like in *Howell*, where the Ninth Circuit determined that "prior convictions involv[ing] possession of narcotics and cocaine specifically" were similar to the charged offense of possession with intent to distribute cocaine, 231 F.3d at 629, Mr. Jensen's possession of fentanyl and firearms on other occasions is sufficiently similar to the charges at issue in Phase One.

### 3.   **Prejudicial Impact Under Rule 403**

"When evidence is otherwise admissible under Rule 404(b), it can nonetheless be excluded because of concerns under Rule 403 of 'unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence.'" *Labbad*, 2013 WL 12387562, at *2 (quoting *Curtin*, 489 F.3d at 944). Evidence is only unfairly prejudicial "if it has an undue tendency to suggest a decision on an improper basis such as emotion or character rather than evidence presented on the crime charged." *United States v. Joetzki*, 952 F.2d 1090, 1094 (9th Cir. 1991). The Court agrees with Government that the events it seeks to introduce are not of a nature that will cause the jury to convict on emotion or character. Further, the evidence the Government seeks to introduce does not appear to be cumulative—as it will give the jury information it will learn from no other source—or be unduly burdensome or time-consuming. *See United States v. Cruz-Garcia*, 344 F.3d 951, 957 (9th Cir. 2003). The only argument raised by Mr. Jensen on this issue is that the Government does not satisfy the four-part for admission of Rule 404(b) evidence (Dkt. No. 34 at 5), an argument the Court has rejected. With appropriate limiting instructions as the Government proposes (*see* Dkt.

No. 31 at 17), the Court finds that the evidence sought to be introduced by the Government is not substantially outweighed by undue prejudicial impact under Rule 403.

\* \* \*

Therefore, the Government has shown that evidence of Mr. Jensen's alleged possession of a firearm and drug paraphernalia on September 7, 2021 (relating to Count 1), his possession of a firearm, heroin, and methamphetamine on May 11, 2022 (relating to Count 5), and his possession of a firearm, fentanyl, and heroin on December 27, 2024 (relating to Count 8) is admissible under Rule 404(b) into Phase One of the bifurcated trial, which will address Counts 3, 4, and 7.

### III.   CONCLUSION

Accordingly, the Court ORDERS as follows:

(1) The trial SHALL be bifurcated. Phase One will address the Drug and Section 924(c) Counts (Counts 3, 4, and 7), and Phase Two will address the Unlawful Possession of a Firearm Counts (Counts 1, 2, 5, 6, and 8).

(2) The Government's motion to admit evidence of Mr. Jensen's alleged possession of a firearm and drug paraphernalia on September 7, 2021, his possession of a firearm, heroin, and methamphetamine on May 11, 2022, and his possession of a firearm, fentanyl, and heroin on December 27, 2024 into Phase One of the bifurcated trial is GRANTED.

Dated this 31st day of July 2025.

Tana Lin
United States District Judge