UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>DAVID JAMES MICHAEL JENSEN,<br><br>    Defendant. | CASE NO. 2:24-cr-00204-TL-1<br><br>FINDINGS OF FACT AND<br>CONCLUSIONS OF LAW |

Having heard all the testimony at trial, considered the stipulations of the Parties (Dkt. Nos. 93, 94) and reviewed the relevant admitted trial exhibits (Dkt. No. 90), the Court now makes the following findings of fact beyond a reasonable doubt and conclusions of law, pursuant to Federal Rule of Criminal Procedure 23(c). The findings of fact and conclusions below are based upon the Court's consideration of all the admissible evidence and the Court's assessment of the credibility of the trial witnesses.

//

//

FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 1

## I. BACKGROUND

The Government charged David James Michael Jensen in an eight-count Superseding Indictment with: Possession of a Controlled Substance with Intent to Distribute; Carrying a Firearm in Relation to a Drug Trafficking Crime; Possession of Fentanyl with Intent to Distribute; and five counts of Unlawful Possession of a Firearm. Dkt. No. 26. The Parties agreed to bifurcate the trial into two phases. *See* Dkt. No. 31 at 18–19; Dkt. No. 34 at 1–2. Therefore, this matter was tried in two parts—Phase One before a jury and Phase Two before the Court. Phase One included: (1) Count Three: Possession of a Controlled Substance with Intent to Distribute, (2) Count Four: Carrying a Firearm in Relation to a Drug Trafficking Crime, and (3) Count Seven: Possession of Fentanyl with Intent to Distribute. Phase One was tried between September 15, 2025, and September 17, 2025. The jury found Mr. Jensen guilty on all counts. Phase Two included Counts One, Two, Five, Six, and Eight, each of which charged Mr. Jensen with Unlawful Possession of a Firearm. After the guilty finding in Phase One, Mr. Jensen waived his right to a jury trial for Phase Two and opted to pursue a bench trial, which was completed on September 17, 2025.

As to the charges of Unlawful Possession of a Firearm, the Government alleged:

1. Count One: Mr. Jensen unlawfully possessed a Smith & Wesson 9mm pistol on September 7, 2021.

2. Count Two: Mr. Jensen unlawfully possessed a firearm, including a Glock 19 pistol on April 7, 2022.

3. Count Five: Mr. Jensen unlawfully possessed a Hi-Point 9mm pistol on May 11, 2022.

4. Count Six: Mr. Jensen unlawfully possessed a firearm, including an SKS 7.62x39mm rifle on July 31, 2024.

5. Count Eight: Mr. Jensen unlawfully possessed a Glock 19 pistol on December 27, 2024.

## II. LEGAL STANDARD

### A. Unlawful Possession of a Firearm

To convict Mr. Jensen of Unlawful Possession of a Firearm, the Government needed to prove four elements of the crime—that: (1) on or about a specific date, Mr. Jensen knowingly possessed a firearm; (2) the firearm possessed by Mr. Jensen had been shipped or transported from one state to another or between a foreign nation and the United States; (3) at the time Mr. Jensen possessed the firearm, he had been convicted of a crime punishable by imprisonment for a term exceeding one year; and (4) at the time Mr. Jensen possessed the firearm, he knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year. 18 U.S.C. § 922(g)(1).

### B. Knowledge and Possession

"An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident." Ninth Circuit Manual of Model Criminal Jury Instructions ("9th Circuit Manual") § 4.8 (2022 ed.). Circumstantial evidence alone can be sufficient to convict a defendant of being a felon in possession of a firearm. *See United States v. Bernard*, 48 F.3d 427, 430 (9th Cir. 1995) (firearm found in bag left on defendant's hospital bed, paired with the facts that no one else entered room and roommate denied that the bag was his, led to "rational conclusion" that defendant knew of firearm and had had possession of it).

"A person has possession of something if the person knows of its presence and has physical control of it or knows of its presence and has the power and intention to control it." 9th Circuit Manual § 6.15; *see also United States v. Thongsy*, 577 F.3d 1036, 1040-41 (9th Cir. 2009). Further, "[m]ore than one person can be in possession of something if each knows of its presence and has the power and intention to control it." 9th Circuit Manual § 6.15; *see also Bernard*, 48 F.3d at 430.

### III. STIPULATIONS

The Parties entered the following three stipulations:

1. Prior to September 7, 2021, David Jensen, the defendant herein, had been convicted—and knew he had been convicted—of a crime punishable by a term of imprisonment exceeding one year. Dkt. No. 93.

2. All of the firearms admitted as exhibits in this matter had been shipped or transported from one state to another or between a foreign nation and the United States prior to the date the Defendant is charged with their possession. Dkt. No. 94.

3. All of the firearms admitted as exhibits in this matter are "firearms" as defined by federal law. *Id.*

### IV. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Any conclusion of law denominated as a finding of fact shall be deemed a conclusion of law, and any finding of fact denominated as a conclusion of law shall be deemed a finding of fact.

**C.     Count One: September 7, 2021, Smith & Wesson 9mm**

**1.     Findings of Fact**

1. On September 7, 2021, Mr. Jensen was involved in a vehicle collision with Charlene Pike in Everett, Washington.

2. After the vehicle collision, Ms. Pike witnessed Mr. Jensen get out of his vehicle, grab a backpack from his car, walk away from the scene of the accident toward the back of a nearby real estate building, and return without the backpack.

3. On September 7, 2021, Robert Kovach drove by the aftermath of the vehicle collision and pulled over to check on the occupants of both vehicles.

4. While on scene, Mr. Kovach viewed Mr. Jensen reach into his car, pull out a backpack, and walk to the back of a nearby building.

5. Mr. Kovach told Mr. Jensen not to leave the scene of an accident, while following him to and from the back of the building.

6. Mr. Kovach saw Mr. Jensen set the backpack down behind the building, next to an air conditioning unit.

7. Mr. Kovach then followed Mr. Jensen back to the scene of the accident, where he watched Mr. Jensen run away and briefly stop to throw an item into some nearby bushes.

8. Mr. Kovach identified Mr. Jensen in court as the same person who had held and hid the backpack during the incident on September 7, 2021.

9. Mr. Kovach confirmed that: (a) Government Exhibits 4, 5, and 7 accurately depicted the scene that day; (b) Government Exhibit 4 is a video of Mr. Kovach following Mr. Jensen while Mr. Jensen is holding a backpack; (c) Government Exhibit 5 includes still photos from the video of Mr. Kovach following Mr. Jensen; and (d) Government Exhibit 7-003 includes a photo of Mr. Kovach holding the backpack he saw Mr. Jensen hide.

10. When Everett Police Officer Tyree Bell arrived at the scene, Mr. Kovach showed him the backpack that Mr. Jensen had left behind the building.

11. Officer Bell confirmed that he confiscated the backpack Mr. Kovach showed him.

12. Inside the backpack was a Smith & Wesson 9mm, as depicted in Government Exhibit 9.

13. Officer Bell found documents inside of the backpack bearing Mr. Jensen's name, as depicted in Government Exhibits 8-003 and 8-004.

14. Officer Bell identified Government Exhibit 1 as the physical firearm, showed the jury the firearm, and confirmed it was the same firearm that he had found inside the backpack.

**2.     Conclusions of Law**

Pursuant to the foregoing Findings of Fact, the Court concludes as follows:

1. As to the first element, the Court finds that Mr. Jensen knowingly possessed a firearm on September 7, 2021, in Everett, Washington. The testimony of both Ms. Pike and Mr. Kovach established that Mr. Jensen had sole possession of the backpack that contained the Smith & Wesson 9mm at the time of the accident. In addition, Mr. Jensen carried that backpack away from the scene of a car crash, tried to hide it, and ultimately ran away from the scene before police arrived. In addition to holding and trying to hide the backpack, documents with his name on them were found inside the backpack. The Court finds that the evidence is sufficient to prove beyond a reasonable doubt that Mr. Jensen knowingly possessed the Smith & Wesson 9mm.

2. The stipulations of the Parties establish beyond a reasonable doubt the second, third, and fourth elements of Unlawful Possession of a Firearm.

3. Therefore, the Government has proven all elements beyond a reasonable doubt for Count One, and the Court finds Mr. Jensen guilty of Count One, Unlawful Possession of a Firearm.

### D. Count Two: April 7, 2022, Glock 19 Pistol

#### 1. Findings of Fact

1. On April 7, 2022, in Everett, Washington, Officer Brandon Hoelzel, Sergeant Chris Bennett, and Officer Gary Sinex (law enforcement officers with the Everett Police Department) contacted and arrested Mr. Jensen.

2. Prior to the arrest, Officer Hoelzel witnessed Mr. Jensen access the trunk of a BMW while handling both a grey backpack and a black pouch.

3. Officer Hoelzel also witnessed Mr. Jensen sitting in the driver's seat of the BMW.

4. Officer Hoelzel later determined that the BMW was registered to Mr. Jensen and Mr. Jensen's girlfriend, Shantel Dean.

5. Officer Hoelzel made an in-court identification of Mr. Jensen as the same individual who he arrested on April 7, 2022.

6. Officer Sinex, Officer Hoelzel, and Sgt. Bennett saw Mr. Jensen with a lanyard around his neck.

7. The officers seized the BMW and its contents.

8. A search warrant was obtained, and during a search of the vehicle, a safe was found in the trunk of the car, as depicted in Government Exhibit 21-005.

9. Written on the safe was "DJ" and "D-Low," as depicted in Government Exhibit 21-007.

10. Government Exhibits 72-002 and 72-003 contained photos of Mr. Jensen's Facebook profile page, which included a graffiti-style graphic photo of the name "D-Low."

11. Sgt. Bennett testified that he knew "D-Low" to be a nickname of Mr. Jensen.

12. Inside of the safe was a Glock 19 Pistol.

13. The lanyard that Mr. Jensen wore around his neck included a key to the safe.

14. During the jury-trial phase, the jury found Mr. Jensen guilty of Carrying a Firearm During and in Relation to a Drug Trafficking Crime, where the firearm in question for that offense is the same firearm in Count Two.

## 2. Conclusions of Law

Pursuant to the foregoing Findings of Fact, the Court concludes as follows:

1. As to the first element, the Court finds that Mr. Jensen knowingly possessed a firearm on April 7, 2022, in Everett, Washington. During the jury-trial phase, the jury found that Mr. Jensen knowingly possessed the Glock 19 Pistol on April 7, 2022, when they convicted him of Carrying a Firearm During and in Relation to a Drug Trafficking Crime.

2. The Court agrees with that verdict, as police testified that: (a) Mr. Jensen was the sole occupant of the BMW; (b) Officer Hoelzel saw Mr. Jensen standing at and accessing the

trunk that contained the safe; (c) the safe that contained the firearm was labeled with Mr. Jensen's initials, as well as his nickname; and (d) Mr. Jensen had the key to that safe around his neck. The Court finds that the evidence is sufficient to prove beyond a reasonable doubt that Mr. Jensen knowingly possessed the Glock 19 Pistol.

3. The stipulations of the Parties establish beyond a reasonable doubt the second, third, and fourth elements of Unlawful Possession of a Firearm.

4. Therefore, the Government has proven all elements beyond a reasonable doubt for Count Two, and the Court finds Mr. Jensen guilty of Count Two, Unlawful Possession of a Firearm.

E. **Count Five: May 11, 2022, Hi-Point 9mm Pistol**

   1. **Findings of Fact**

   1. On May 11, 2022, in Everett, Washington, Officer Hoelzel saw a red Lincoln vehicle associated with Mr. Jensen at the parking lot of The Reserve apartment complex and called other officers to the scene.

   2. Officer Hoelzel witnessed a man get out of the vehicle and recognized the man from prior contacts as David Jensen.

   3. Officer Hoelzel witnessed Mr. Jensen access the trunk of the red Lincoln vehicle.

   4. Officer Hoelzel witnessed Mr. Jensen holding a grey backpack, and Officer Hoelzel witnessed Mr. Jensen put two items—a butane cannister and a red hat—into the backpack.

   5. Officer Hoelzel witnessed Mr. Jensen interact with a man parked immediately next to Mr. Jensen.

   6. After receiving word from Officer Hoelzel that Mr. Jensen was in The Reserve parking lot, Sgt. Bennett and Officer Mahre arrived at the scene and arrested Mr. Jensen.

7. After the arrest, Sgt. Bennett and Officer Mahre interacted with the man who was parked next to Mr. Jensen's car and who had been speaking to Mr. Jensen.

8. During that contact, the officers noticed within that man's car a piece of paper with a phone number and the name "David Jensen" written on it.

9. The officers called the phone number, and a phone lit up inside the red Lincoln.

10. The officers seized the red Lincoln, obtained a search warrant, and searched the vehicle.

11. Inside of the red Lincoln, they found a medicine bottle bearing the name David Jensen.

12. Inside of the trunk of the vehicle was the grey backpack that Officer Hoelzel had witnessed Mr. Jensen holding, as depicted in Government Exhibit 37-006.

13. The grey backpack contained a butane cannister.

14. Officer Hoelzel also found a Hi-Point 9mm Pistol inside of the grey backpack, as depicted in Government Exhibit 37-009.

15. Sgt. Bennett confirmed that Exhibit photos 36 and 37 accurately depicted the scene and vehicle search on May 11, 2022.

16. Sgt. Bennett confirmed that Exhibit 35, the physical firearm entered as evidence, was the same firearm that officers found inside of the grey backpack, which was itself inside the trunk of the red Lincoln.

17. Officer Hoelzel and Sgt. Bennett confirmed that Mr. Jensen was the only person they saw access the red Lincoln on May 11, 2022.

**2.    Conclusions of Law**

Pursuant to the foregoing Findings of Fact, the Court concludes as follows:

1. As to the first element, the Court finds that Mr. Jensen knowingly possessed a firearm on May 11, 2022, in Everett, Washington. Officer Hoelzel witnessed Mr. Jensen holding and putting items into a grey backpack in the trunk of a red Lincoln. One of those items was a

|   |   |   |
|---|---|---|
| 1 |  | butane cannister—the same cannister that officers later found in the backpack with the |
| 2 |  | Hi-Point 9mm Pistol during their search of the trunk of the red Lincoln. This backpack |
| 3 |  | was in the sole possession of Mr. Jensen at the time officers contacted him, and an officer |
| 4 |  | had observed Mr. Jensen access the backpack in the trunk of the red Lincoln. A medicine |
| 5 |  | bottle bearing Mr. Jensen's name was inside of the car, as was a phone with a number |
| 6 |  | associated with him. At the time of arrest, Mr. Jensen was the only person in control of |
| 7 |  | the backpack and the red Lincoln. The Court finds that the evidence is sufficient to prove |
| 8 |  | beyond a reasonable doubt that Mr. Jensen knowingly possessed the Hi-Point 9mm |
| 9 |  | Pistol. |
| 10 | 2. | The stipulations of the Parties establish beyond a reasonable doubt the second, third, and |
| 11 |  | fourth elements of Unlawful Possession of a Firearm. |
| 12 | 3. | Therefore, the Government has proven all elements beyond a reasonable doubt for Count |
| 13 |  | Five, and the Court finds Mr. Jensen guilty of Count Five, Unlawful Possession of a |
| 14 |  | Firearm. |

**F.    Count Six: July 31, 2024, SKS 7.62x39mm Rifle**

**1.    Findings of Fact**

1. On July 31, 2024, Sgt. Bennett arrested Mr. Jensen after following him to a storage unit and seeing him push a motorcycle into the storage unit.
2. Mr. Jensen was exiting the storage unit when Sgt. Bennett arrived at the unit to arrest him.
3. Shortly after Mr. Jensen's arrest, a woman named Angela Robbins arrived at the scene.
4. The storage unit was rented in Ms. Robbins's name.
5. Ms. Robbins told Sgt. Bennett that, although the storage unit was rented in her name, she was subletting it to Mr. Jensen; that they were preparing to change the rental to Mr.

FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 10

|   |   |   |
|---|---|---|
| | | Jensen's name; that she did not own any of the belongings inside; and that she did not have a key or access to the storage unit. |
| | 6. | After the arrest, Sgt. Bennett obtained a search warrant to search the storage unit. |
| | 7. | During the search of the storage unit, Sgt. Bennett found numerous firearms, including a SKS 7.62x39mm Rifle ("SKS Rifle"). |
| | 8. | Sgt. Bennett identified Government Exhibits 57 and 58 as accurately depicting the scene and items found during the search. |
| | 9. | Government Exhibit 58 included: a photo of the rifle; a photo of a shelf within the unit that had Mr. Jensen's nickname, "D-Low," and "I love U Shantel" written on it; a plastic sheet with the names D-Low and Shantel written on it; and a document that included the name David Jensen. |
| | 10. | On the same shelf with paperwork bearing Mr. Jensen's name was the SKS rifle. |
| | 11. | Sgt. Bennett also identified Mr. Jensen inside the storage unit on an earlier date through a screenshot from a video call from Snohomish County Jail, in which the incarcerated individual was calling a woman next to Mr. Jensen—both of whom were inside of the storage unit, as depicted in Government Exhibit 100. |
| | 12. | Sgt. Bennett made an in-court identification of Mr. Jensen as the same individual from July 31, 2024. |

### 2. Conclusions of Law

Pursuant to the foregoing Findings of Fact, the Court concludes as follows:

1. As to the first element, the Court finds that Mr. Jensen knowingly possessed a firearm on July 31, 2024, in Everett, Washington. Mr. Jensen was found inside of the storage unit that included the SKS 7.62x39mm Rifle in plain view on a shelf within the unit, indicating that he had knowledge of the rifle. Additionally, his nickname was written on a

        shelf in the storage unit, along with another statement next to it showing admiration for his girlfriend, Shantel. A document bearing Mr. Jensen's full name was also located on a shelf near the rifle. Furthermore, a photograph from a Snohomish County Jail phone call showed Mr. Jensen in the storage unit on an earlier date, further proving that his presence at the unit at the time of arrest was not an isolated incident.

2. Angela Robbins told police that she sublet the storage unit to Mr. Jensen; that she did not own any of the items inside the unit; and that she did not have access to the unit. This testimony was credible given Mr. Jensen's use of the storage unit on at least two occasions, along with the numerous identifiers found within the unit. The Court finds that the evidence is sufficient to prove beyond a reasonable doubt that Mr. Jensen knowingly possessed the SKS 7.62x39mm Rifle.

3. The stipulations of the Parties establish beyond a reasonable doubt the second, third, and fourth elements of Unlawful Possession of a Firearm.

4. Therefore, the Government has proven all elements beyond a reasonable doubt for Count Six, and the Court finds Mr. Jensen guilty of Count Six, Unlawful Possession of a Firearm.

**G.  Count Eight: December 27, 2024, Glock 19 Pistol**

**1.  Findings of Fact**

1. On December 27, 2024, Mr. Jensen was arrested in Seattle for outstanding warrants by Officer Sinex and Sgt. Bennett.

2. The officers recognized a Lexus vehicle in University District as being associated with Mr. Jensen.

3. Sgt. Bennett watched Mr. Jensen walk up to the Lexus while holding a grey backpack and then put the backpack into the trunk of the car.

4. After Mr. Jensen got into the Lexus, Sgt. Bennett and Officer Sinex drove up to and pinned Mr. Jensen's Lexus from the front and the side with their police vehicles.

5. The officers demanded that Mr. Jensen get out of his vehicle, but he refused.

6. It was not until after officers broke the passenger window and attempted to enter the Lexus, that Mr. Jensen got out of the car.

7. Officer Sinex and Sgt. Bennett arrested Mr. Jensen and obtained a search warrant to search the vehicle.

8. During the search of the Lexus, the officers found luggage labeled with Mr. Jensen's nickname, "D-Low," in the trunk.

9. Also in the trunk of the Lexus was the grey backpack the officers had seen Mr. Jensen holding earlier.

10. Inside the grey backpack was a Glock 19 Pistol, as depicted in Government Exhibit 79.

## 2. Conclusions of Law

Pursuant to the foregoing Findings of Fact, the Court concludes as follows:

1. As to the first element, the Court finds that Mr. Jensen knowingly possessed a firearm on December 27, 2024, in Seattle, Washington. Sgt. Bennet saw Mr. Jensen holding a backpack (that contained the Glock 19 Pistol) and placing it into the trunk of the Lexus; therefore, Mr. Jensen had possession of the firearm. Mr. Jensen had control of the car that day, as he was the only one in it and was in the driver's seat with the keys. Further, Mr. Jensen carried the backpack containing the firearm, and when police tried to get him to exit his car, he refused and resisted the officers' instructions. The Court finds that the evidence is sufficient to prove beyond a reasonable doubt that Mr. Jensen knowingly possessed the Glock 19 Pistol.

2. In addition, both Mr. Jensen's behavior and the location of the firearm on December 27, 2024, are consistent with the evidence pertaining to the three other incidents from this trial, in which Mr. Jensen hid firearms within containers in cars with which he was associated. On September 7, 2021, April 7, 2022, and May 11, 2022, police found a firearm inside of a vehicle over which Mr. Jensen had sole control. All three times, the firearms were contained within a carrying case. For Count Eight, Mr. Jensen again hid a firearm in a backpack in the trunk of his vehicle. These prior incidents further prove knowledge of the firearm in the backpack on December 27, 2024, as the fact patterns are remarkably similar. Therefore, the Court finds Mr. Jensen knew there was a firearm in the backpack that police saw him carry and put into the trunk of his vehicle.

3. The stipulations of the Parties establish beyond a reasonable doubt the second, third, and fourth elements of Unlawful Possession of a Firearm.

4. Therefore, the Government has proven all elements beyond a reasonable doubt for Count Eight, and the Court finds Mr. Jensen guilty of Count Eight, Unlawful Possession of a Firearm.

## V. CONCLUSION

Based on the foregoing Findings of Fact and Conclusions of Law, the Court ENTERS the following Order:

The Court finds Defendant, David Jensen, is GUILTY of Unlawful Possession of a Firearm as charged in Counts One (September 7, 2021), Two (April 7, 2022), Five (May 11, 2022), Six (July 31, 2024), and Eight (December 27, 2024).

Dated this 25th day of September, 2025.

Tana Lin
United States District Judge